```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

     JAMES L. MILLER,                   1:21-cv-13847 (NLH)

               Petitioner,              **MEMORANDUM OPINION & ORDER**

          v.

     JOHN POWELL,

               Respondent.

**APPEARANCES**:

James L. Miller
559979-D/858824
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302

    Petitioner pro se

**HILLMAN**, **District Judge**

    WHEREAS, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction from the New Jersey Superior Court, Law Division, Camden County, see ECF No. 1; and

    WHEREAS, Petitioner pled guilty to first degree aggravated manslaughter, N.J.S.A. § 2C:11-4(a)(1), id. at 2; and

    WHEREAS, on December 6, 2013, the trial court sentenced Petitioner to a twenty-year term of imprisonment with an 85% parole disqualifier, id.; and

    WHEREAS, Petitioner filed a direct appeal with the Superior

Court, Appellate Division ("Appellate Division") on its excessive sentencing calendar.  ECF No. 1-3 at 17.  The Appellate Division summarily affirmed the sentence on June 1, 2015.  Id.; and

WHEREAS, Petitioner filed a postconviction relief ("PCR") petition on July 14, 2017 alleging ineffective assistance of counsel, id.; and

WHEREAS, the PCR court denied the petition on August 15, 2018.  Id. at 17-18.  The Appellate Division affirmed that decision.  State v. Miller, No. A-0346-18T4, 2021 WL 222339 (N.J. Super. Ct. App. Div. Jan. 22, 2021).  The New Jersey Supreme Court denied certification on April 16, 2021.  State v. Miller, 249 A.3d 188 (N.J. 2021); ECF No. 1-3 at 27; and

WHEREAS, Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

>     State action;
>
>     (C) the date on which the constitutional
>     right asserted was initially recognized by
>     the Supreme Court, if the right has been
>     newly recognized by the Supreme Court and
>     made retroactively applicable to cases on
>     collateral review; or
>
>     (D) the date on which the factual predicate
>     of the claim or claims presented could have
>     been discovered through the exercise of due
>     diligence.

28 U.S.C. § 2244(d)(1); and

WHEREAS, Petitioner did not seek a writ of certiorari from the Supreme Court of the United States. Therefore, his conviction became final at the expiration of time for seeking such review. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). Giving Petitioner the maximum time possible, his conviction became final and the statute of limitations began to run on September 22, 2015.[1] Under AEDPA, a timely petition under § 2254 was due September 21, 2016. Petitioner did not submit his § 2254 petition until July 11, 2021, ECF No. 1; and

WHEREAS, a properly-filed PCR petition tolls the statute of limitations. See 28 U.S.C. § 2244(d)(2). However, Petitioner's

---

[1] Petitioner had twenty days from June 1, 2015 to seek review from the New Jersey Supreme Court, N.J. Ct. R. 2:12-3(a). June 21, 2015 was a Sunday, so his time to file a petition was extended to Monday, June 22, 2015. Fed. R. Civ. P. 6(a)(1)(C). He then had ninety days to request review from the United States Supreme Court. As September 20, 2015 was also a Sunday, a timely petition for writ of certiorari would have been due Monday, September 21, 2015.

year expired on September 21, 2016, several months before he filed his PCR petition on July 14, 2017. There was no time remaining in the statutory period to toll by the time Petitioner filed his PCR petition in the state courts; and

WHEREAS, AEDPA's statute of limitations is subject to equitable tolling in appropriate cases, however. See Holland v. Florida, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); and

WHEREAS, "[i]n addition, for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." Ross v. Varano, 712 F.3d 784, 803 (3d Cir. 2013); and

WHEREAS, the Court shall give Petitioner an opportunity to show cause why his petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1),

THEREFORE, IT IS on this  8th  day of  December  , 2021

ORDERED that within 45 days of this Order, Petitioner shall show cause in writing why the petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1); and it is further

ORDERED that any response by Petitioner shall state with

4

specificity any facts that may entitle him to equitable tolling of the statute of limitations; and it is finally

ORDERED that the Clerk shall send a copy of this Order to Petitioner by regular mail.

At Camden, New Jersey                   s/ Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.