```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
JAMES L. MILLER,                    :
                                    :
            Petitioner,             :   Civ. No. 21-13847 (NLH)
                                    :
      v.                            :   OPINION
                                    :
JOHN POWELL,                        :
                                    :
            Respondent.             :
_____:
```

APPEARANCES:

James L. Miller
559979-D/858824
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302

    Petitioner Pro se

HILLMAN, District Judge

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction from the New Jersey Superior Court, Law Division, Camden County. ECF No. 1. The Court conducted its review under Habeas Rule 4 and concluded the petition appeared to be untimely under 28 U.S.C. § 2244(d)(1). ECF No. 4. It ordered Petitioner to show cause why the petition should not be dismissed. Id. Petitioner has submitted his response. ECF No. 5. For the reasons that follow, the petition shall be dismissed as untimely.

I.  BACKGROUND

The Court adopts and recites the procedural history as stated by the New Jersey Superior Court, Appellate Division ("Appellate Division") in its opinion affirming the denial of Petitioner's post-conviction relief ("PCR") petition:

> A Camden County Grand Jury returned a multi-count indictment against defendant charging him with third degree aggravated assault, multiple counts of unlawful possession of a weapon, third degree terroristic threats, and first degree murder of Josue Rivera. On October 28, 2013, defendant entered into a negotiated agreement with the State through which he pled guilty to first degree aggravated manslaughter, by recklessly causing the death of Mr. Rivera, N.J.S.A. 2C:11-4(a)(1). In exchange, the State agreed to dismiss the remaining charges in the indictment and recommend the court sentence defendant to a term of imprisonment of twenty years, with an eighty-five percent period of parole ineligibility and five years of parole supervision, as mandated by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

State v. Miller, No. A-0346-18T4, 2021 WL 222339, at *1 (N.J. Super. Ct. App. Div. Jan. 22, 2021), certif. denied, 249 A.3d 188 (N.J. 2021).  On December 6, 2013, the trial court sentenced Petitioner to a twenty-year term of imprisonment with the 85% parole disqualifier.  ECF No. 1 at 2.

Petitioner filed an appeal with the Appellate Division on its excessive sentencing calendar.  ECF No. 1-3 at 17.  The Appellate Division summarily affirmed the trial court on June 1, 2015.  Miller, No. A-0346-18T4, 2021 WL 222339, at *2.

Petitioner did not file a petition for writ of certification with the New Jersey Supreme Court.

On July 14, 2017, Petitioner filed a PCR petition alleging ineffective assistance of counsel. Id. The PCR court assigned Petitioner an attorney and heard oral argument on August 15, 2018. ECF No. 1-3. Ultimately, the PCR court concluded that some of Petitioner's claims were procedurally barred because they were either raised and rejected on direct appeal, or they should have been raised on direct appeal and were not. Id. at 9 (citing N.J. Ct. R. 3:22-4(a)(1)). The PCR Court concluded that Petitioner's remaining claims were meritless and denied the petition. State v. Miller, No. 13-05-1564, 2018 WL 11299366, at *1 (N.J. Super. Law Div. Aug. 15, 2018).

Petitioner appealed to the Appellate Division. Miller, No. A-0346-18T4, 2021 WL 222339. On January 22, 2021, the Appellate Division affirmed the PCR Court's decision. Id. Petitioner filed a petition for certification with the New Jersey Supreme Court on January 27, 2021. ECF No. 1-3 at 22. The New Jersey Supreme Court denied the petition on April 16, 2021. State v. Miller, 249 A.3d 188 (N.J. 2021); ECF No. 1-3 at 27. Petitioner submitted his § 2254 petition to this Court on July 11, 2021. ECF No. 1.

The Court conducted its preliminary review under Habeas Rule 4 and noted that the petition appeared to be untimely under

3

the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  ECF No. 4.  It directed Petitioner to show cause why the petition should not be dismissed and to include any arguments for equitable tolling.  Id.  Petitioner submitted his response on January 10, 2022.  ECF No. 5.

II.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254 permits a federal court to entertain a petition for writ of habeas corpus on behalf of a person in state custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. § 2254 Rule 4.

AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus under § 2254.  See 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[1]

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations.  28 U.S.C. § 2244(d)(2).  "In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'"  Douglas v. Horn, 359 F.3d 257, 262 (3d Cir. 2004) (quoting Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001)).

III.  ANALYSIS

The Court must first determine when AEDPA's statute of limitations started.  The Appellate Division summarily affirmed

---

[1] Petitioner's conviction became final after AEDPA's April 24, 1996 effective date; therefore, he is subject to its one-year statute of limitations.

5

the trial court on June 1, 2015. Miller, No. A-0346-18T4, 2021 WL 222339, at *2. Petitioner had twenty days from June 1, 2015 to seek review from the New Jersey Supreme Court, N.J. Ct. R. 2:12-3(a). June 21, 2015 was a Sunday, so his time to file a petition was extended to Monday, June 22, 2015. Fed. R. Civ. P. 6(a)(1)(C). He then had ninety days to request review from the United States Supreme Court. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (holding that if prisoners do not seek Supreme Court review, "judgment becomes final . . . when the time for pursuing direct review in this Court, or in state court, expires"). As September 20, 2015 was also a Sunday, a timely petition for writ of certiorari would have been due Monday, September 21, 2015. AEDPA's one-year clock began to run on September 22, 2015. Unless some form of tolling applies, Petitioner's habeas petition was due on September 20, 2016.

A. Statutory Tolling

As noted above, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations. 28 U.S.C. § 2244(d)(2). However, Petitioner's year expired on September 20, 2016, several months before he filed his PCR petition on July 14, 2017. There was no time remaining in the statutory period to toll by the time Petitioner filed his PCR petition in the

6

state courts. AEDPA's one-year statute of limitations ran uninterrupted from September 22, 2015 to September 20, 2016. The § 2254 petition is untimely under AEDPA and must be dismissed unless equitable tolling applies.

B. Equitable Tolling

In response to the Court's order to show cause, Petitioner asserts:

> Petitioner representing himself pro se, was informed by counsel that he would be able to file a habeas corpus petition under 28 U.S.C. 2254 in the event of a denial from his State of New Jersey Post Conviction Remedy. The PCR Court denied his petition on August 15, 2018. The New Jersey Supreme Court denied certification on April 16, 2021. Albeit the statute of limitations began to run on September 22, 2015, petitioner was not aware that he would be procedurally barred from filing in the federal court, due to counsel's misinformation.

ECF No. 5 at 2.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Courts "are 'sparing' in our use of the doctrine and do so 'only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice.'" Martin v. Adm'r New Jersey State Prison, ___ F.4th -___, 2022 WL 189809, at *7 (quoting LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005))(alteration in original).

7

The Court concludes Petitioner has not shown extraordinary circumstances prevented him from filing a timely § 2254 petition.  Petitioner's only reason proffered in support of equitable tolling is that his attorney told him he would be able to file a § 2254 petition after his PCR proceedings concluded.  A "garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."  Holland v. Fla., 560 U.S. 631, 651–52 (2010) (internal quotation marks omitted); see also Felder v. Johnson, 204 F.3d 168, 172 (5th Cir. 2000) ("[M]ere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling or other exceptions to a law's requirements.").

The Court concludes Petitioner has failed to satisfy the "extraordinary circumstance" prong of the analysis.  The Court need not decide whether Petitioner was reasonably diligent under the circumstances.  Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 256 (2016) ("[W]e have treated the two requirements as distinct elements in practice ... rejecting requests for equitable tolling where a litigant failed to satisfy one without addressing whether he satisfied the other.").

IV. CERTIFICATE OF APPEALABILITY

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court held in Slack v. McDaniel that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000).

This Court will deny a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as untimely is correct.

V. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus will be dismissed with prejudice as untimely. No certificate of appealability shall issue.

An appropriate order will be entered.

Dated: February 9, 2022       s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.