UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JAMES L. MILLER,                    :
                                    :
         Petitioner,                :   Civ. No. 21-13847 (NLH)
                                    :
    v.                              :   OPINION
                                    :
JOHN POWELL,                        :
                                    :
         Respondent.                :
_____:

APPEARANCES:

James L. Miller
559979-D/858824
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302

    Petitioner Pro se

HILLMAN, District Judge

    The Court dismissed Petitioner James L. Miller's petition for writ of habeas corpus under 28 U.S.C. § 2254 as untimely on February 10, 2022.  ECF No. 7.  Petitioner filed a motion to file and submit an untimely appeal on August 25, 2023.  ECF No. 9.  For the reasons that follow, the Court will deny the motion.

I.  BACKGROUND

    Petitioner submitted his § 2254 petition to this Court on July 11, 2021.  ECF No. 1.  The Court conducted its preliminary review under Habeas Rule 4 and noted that the petition appeared to be untimely under the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"). ECF No. 4. It directed Petitioner to show cause why the petition should not be dismissed and to include any arguments for equitable tolling. Id. Petitioner submitted his response on January 10, 2022. ECF No. 5. The Court dismissed the petition as untimely on February 10, 2022. ECF No. 7.

The United States Court of Appeals for the Third Circuit forwarded a notice of appeal on September 6, 2023. ECF No. 8. It instructed this Court to file the notice of appeal and accompanying motion to file and submit an untimely appeal as of August 25, 2023. ECF Nos. 9 & 10. See also Miller v. Administrator South Woods State Prison, et al., Appeal No. 23-2633 (3d Cir.).

II. DISCUSSION

"[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." Bowles v. Russell, 551 U.S. 205, 209 (2007) (internal citation and quotation marks omitted). Petitioner was required to file a notice of appeal 30 days after this Court dismissed his habeas petition, i.e., by March 14, 2022. Fed. R. App. P. 4(a)(1)(A).[1] Petitioner filed his notice of appeal on August 25, 2023, more than a year after the last day on which Petitioner could have filed a timely appeal.

---

[1] March 12, 2022 was a Saturday. Fed. R. Civ. P. 6(a)(1)(C).

2

This Court may extend the time to appeal if Petitioner can show good cause or excusable neglect for failing to file a timely appeal.  However, the Court may only do so if the motion is filed "no later than 30 days after the time prescribed by this Rule 4(a) expires."  Fed. R. App. P. 4(a)(5)(A)(i).  Here, Petitioner did not file this motion within the additional 30-day period.  This Court therefore lacks the authority to extend the time to appeal under Rule 4(a)(5).

This Court also cannot reopen the time to appeal under Rule 4(a)(6).  Under that provision, the Court may reopen the time to appeal for 14 days if no party would be prejudiced, the motion to reopen is filed "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier," and the Court "finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry."  Fed. R. App. P. 4(a)(6)(A)-(C).  One hundred and eighty days after February 10, 2022 is August 9, 2022.

The instant motion was filed more than 180 days after the Court dismissed the habeas corpus petition.  Petitioner also does not certify in his motion that he did not receive notice of the dismissal within 21 days after its entry.  He instead argues

3

that his "mind was not of adult base in law and he had no skills in properly filing any type of appeals" and that he "submitted his untimely habeas-corpus appeal during the COVID-19 deadly pandemic when the prison mail system was so backed up, the mail was not getting sent out in the courts . . . ."  ECF No. 9 at 2.  Congress specifically limited district courts' ability to reopen the time for appeals, 28 U.S.C. § 2107(c), and Petitioner has not met the requirements of that statute.  The Court therefore lacks jurisdiction to reopen the time for appeal, and Petitioner's motion is denied.

III. CONCLUSION

For the foregoing reasons, the motion to file and submit an untimely appeal will be denied.

An appropriate order will be entered.


Dated: September 29, 2023         s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

4